UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

---------------------------------------------------------------------------x

Thurman Young, Jr.,

        Plaintiff,

CASE No.: 5:24-cv-245

-against-

**DEMAND FOR JURY TRIAL**

Equifax Information Services, LLC,
OneMain Financial Group, LLC,

        Defendant(s).

---------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Thurman Young, Jr. ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Equifax Information Services, LLC ("Equifax"), and Defendant OneMain Financial Group, LLC, (OneMain) respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of North Carolina in the County of Lincoln.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of North Carolina and may be served with process upon the Corporation Service Company, its registered agent for service of process at 2626 Glenwood Ave Ste 550, Raleigh, NC 27608-1370.

7. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9. OneMain Financial Group, LLC ("OneMain") is an entity that furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process upon the CT Corporation System, its registered agent, at 150 Fayetteville St, Ste 101, Raleigh, NC 27601-2957.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

## OneMain Dispute and Violation

11. Upon information and belief, on a date better known to Defendant Equifax ("Bureau or Equifax"), Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information.

12. This Complaint pertains to Plaintiff's OneMain account with an account number ending in ************5039 ("Account").

13. The information published by Equifax on Plaintiff's credit reports is inaccurate because the Account is being reported with negative information twice on the Plaintiff's credit report, giving the impression that it is two separate accounts, making it appear that Plaintiff has more derogatory accounts on his report than he should.

14. Additionally, the accounts are being reporting with an outstanding balance in the amount of $8,596, making it appear that Plaintiff has a much larger outstanding total amount of debt owed than he really does.

15. Both OneMain accounts reported by OneMain and published by Equifax in Plaintiff's credit report have the following similarities:

    a. both accounts end with 5039;

    b. both accounts have identical opening dates;

    c. both accounts have been reported on identical dates;

    d. both accounts have identical dates for last payment; and

    e. both accounts accounts have been closed due to charge off.

16. Thereby, it's clear that Equifax has allowed the same OneMain account to be reported multiple times.

17. Equifax is required by law to implement processes and procedures which maximize possible accuracy of all reporting.

18. In addition to merely duplicating an account on Plaintiff's credit report, Equifax's duplication of a charged-off account with a balance has a serious impact to Plaintiff's perceived creditworthiness.

19. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

20. Plaintiff disputed the Accounts with Equifax with a dispute letter dated December 9, 2023.

21. Upon receipt of Plaintiff's dispute letters from Equifax, OneMain failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Accounts.

22. Had OneMain done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to OneMain that Account was in fact being reported twice.

23. Despite Plaintiff's dispute that the information on his consumer reports was inaccurate with respect to the disputed Accounts, Equifax did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed account was inaccurate and reporting in duplicate.

24. Equifax violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letter.

25. Had Equifax performed a reasonable investigation of the Plaintiff's disputes, it would have been revealed to Equifax that the Account in question was being reported in duplicate form.

26. Furthermore, Plaintiff was not even required to dispute the Accouts with Equifax, given that Equifax is required to maintain maximum possible accuracy of consumer credit reports, and Equifax should have picked up this error internally and deleted one of the Accounts.

27. Notwithstanding Plaintiff's efforts, Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

28. As a result of Defendant's failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION

**(Willful Violation of the FCRA as to Equifax)**

29. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

30. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

31. Equifax violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

32. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

   h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

33. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

34. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

35. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Thurman Young, Jr., an individual, demands judgement in his favor against Defendant, Equifax, for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

36. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

37. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

38. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

39. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

40. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

41. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

42. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Thurman Young, Jr, an individual, demands judgement in his favor against Defendant, Equifax, for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to OneMain Financial Group, LLC)**

43. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

44. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

45. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

46. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

47. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

48. OneMain violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

49. Specifically, OneMain continued to report the Plaintiff having two separate accounts with

both accounts closed due to charge-off with an outstanding balance.

50. As a result of the conduct, action and inaction of OneMain, Plaintiff suffered damages for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

51. The conduct, action and inaction of OneMain was willful, rendering OneMain liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

52. The Plaintiff is entitled to recover reasonable costs and attorney's fees from OneMain in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Thurman Young, Jr., demands judgement in his favor against OneMain in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to OneMain Financial Inc.)**

53. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

54. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

55. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

56. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

57. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

58. OneMain is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

59. After receiving the Dispute Notice from Equifax, OneMain negligently failed to conduct its reinvestigation in good faith.

60. A reasonable investigation would require a furnisher such as OneMain to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

61. The conduct, action and inaction of OneMain was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

62. As a result of the conduct, action and inaction of OneMain, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

63. The Plaintiff is entitled to recover reasonable costs and attorney's fees from OneMain in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Thurman Young, Jr, an individual, demands judgement in his favor against OneMain for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

64. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  November 18, 2024                    **The Emory Law Firm, P.C.**

<u>*s/ C. Randolph Emory*</u>
C. Randolph Emory, Esq.
The Emory Law Firm, P.C.
11020 David Taylor Drive, Ste 102
Charlotte, NC 28262
Ph: 704-371-4333
remory@theemorylawfirm.com

<u>/s/Joshua Cohen</u>
**Stein Saks, PLLC**
By:  Joshua Cohen *(phv pending)*
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
jcohen@steinsakslegal.com